*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1904**

Hennepin County, petitioner,
Olga G. Romanova, petitioner,
Respondent,

vs.

Sergey A. Romanov,
Appellant.

**Filed July 6, 2015
Affirmed
Klaphake, Judge**[*]

Hennepin County District Court
File No. 27-FA-12-776

Robert W. Gadtke, Edina, Minnesota (for respondent)

Sergey A. Romanov, New Hope, Minnesota (pro se appellant)

Considered and decided by Stauber, Presiding Judge; Rodenberg, Judge; and Klaphake, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KLAPHAKE**, Judge

Appellant Sergey Romanov moved to modify child support after he was discharged from his employment. Because (1) appellant has not demonstrated a

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

substantial change in circumstances that renders the original child support unreasonable and unfair, and (2) the underlying orders are procedurally correct, we affirm.

## D E C I S I O N

### *Initial CSM ruling*

Appellant challenges the district court's order vacating and remanding the child support magistrate's (CSM's) initial order addressing the impact of appellant's unemployment on his ability to pay child support. Upon review of a CSM's decision, the "district court judge shall make an independent review of any findings or other provisions of the underlying decision and order for which specific changes are requested in the motion." Minn. Gen. R. Prac. 377.09, subd. 2(b).

> If the court determines that the findings and order are not supported by the record or the decision is contrary to law, the child support magistrate or district court judge may issue an order . . . (2) approving, modifying, or vacating in whole or in part, the decision and order of the child support magistrate . . . . In addition, the district court judge may remand one or more issues back to the child support magistrate with instructions.

*Id.*

The district court determined that it lacked a factual basis to review the effect of appellant's unemployment on his ability to pay child support because the CSM did not make sufficient findings on that issue. Specifically, the parties did not stipulate to the involuntariness of appellant's unemployment. Under these circumstances, the record did not support the CSM's decision, and the district court did not abuse its discretion by vacating the CSM's order and remanding for an evidentiary hearing to determine whether appellant's unemployment was voluntary.

2

*Denial of motion to modify child support*

Appellant also challenges the district court's decision to deny his motion to modify his child support obligation following an evidentiary hearing before the CSM. He claims that the CSM erroneously excluded testimony, his unemployment was involuntary, and he demonstrated a substantial change in circumstances to support modification of his child support obligation.

*Disallowed testimony*. The CSM stated at the evidentiary hearing that appellant's testimony concerning events leading up to his discharge was irrelevant because an unemployment law judge had already determined that he was not discharged for misconduct. But the hearing transcript does not suggest that the CSM prohibited appellant from testifying about his discharge; rather, the CSM merely stated that it did not need additional testimony about whether appellant engaged in misconduct. Because the CSM did not improperly limit relevant evidence from being introduced at the hearing, the CSM did not err in its evidentiary ruling.

*Voluntary unemployment*. A district court or CSM may modify a parent's child support obligation if the parent shows a substantial change in circumstances that renders the current support obligation unreasonable and unfair. Minn. Stat. § 518A.39, subd. 2 (2014). A parent's unemployment can constitute a change in circumstances, but a district court or CSM must impute income to the obligor parent if it finds that parent is voluntarily unemployed. Minn. Stat. § 518A.32, subd. 1 (2014). A parent is not voluntarily unemployed if

> (1) the unemployment . . . is temporary and will ultimately lead to an increase in income; (2) the unemployment . . . represents a bona fide career change that outweighs the adverse effect of that parent's diminished income on the child; (3) the unemployment . . . is because a parent is physically or mentally incapacitated or due to incarceration, except where the reason for incarceration is the parent's nonpayment of support.

*Id.*, subd. 3. The statute does not require a district court to find bad faith in order to find that a parent is voluntarily unemployed for purposes of child support. *Melius v. Melius*, 765 N.W.2d 411, 415 (Minn. App. 2009). "Whether a parent is voluntarily unemployed is a finding of fact, which we review for clear error." *Welsh v. Welsh*, 775 N.W.2d 364, 370 (Minn. App. 2009). "We will reverse a district court's order regarding child support only if we are convinced that the district court abused its broad discretion by reaching a clearly erroneous conclusion that is against logic and the facts on record." *Butt v. Schmidt*, 747 N.W.2d 566, 574 (Minn. 2008) (quotation omitted).

The district court found that appellant "lost his employment due to his own, nonconforming conduct despite knowing that following appropriate procedure was necessary." Appellant makes no showing that this finding is clearly erroneous, nor does he cite to facts or otherwise demonstrate that the ultimate finding of voluntariness is clearly erroneous. Appellant simply argues that any child support obligor who is fired for cause but is not found to have purposefully caused his or her discharge for the purpose of reducing child support should not be considered voluntarily unemployed. There is no support for this argument in either caselaw or the child support statute; we therefore

4

conclude that the district court did not err by finding that appellant is voluntarily unemployed.

*Substantial change in circumstances.* A CSM "may" modify a child support order if there has been a substantial change in circumstances of either parent that renders the existing child support unreasonable and unfair. Minn. Stat. § 518A.39. "It is presumed that there has been a substantial change in circumstances . . . and the terms of a current support order shall be rebuttably presumed to be unreasonable and unfair" if the new amount under the child support guidelines "is at least 20 percent and at least $75 per month higher or lower than the current support order," or if "the gross income of an obligor or obligee has decreased by at least 20 percent through no fault or choice of the party." *Id.*, subd. 2(b). Again, a district court's decision regarding child support may be altered only for an abuse of discretion. *Butt*, 747 N.W.2d at 574.

The CSM found that appellant's unemployment was voluntary and imputed income to him. *See* Minn. Stat. § 518A.32, subd. 1. On the facts found, appellant's unemployment did not constitute a change in circumstances for purposes of Minn. Stat. § 518A.39. The CSM also found that appellant can easily cover his monthly expenses and his existing child support obligation with his income from unemployment benefits, rebutting any presumption that his current obligation is unreasonable or unfair. We conclude that the district court did not abuse its discretion by denying appellant's motion to modify child support.

**Affirmed.**

5